MARINA SILVA ET AL, Plaintiffs and Appellants, *v.* LUCE & Co., *S. en C.,* Defendant and Appellee.

No. 5563.   Argued December 16, 1932.—Decided December 22, 1932.

308

L. *Tormes García* for appellants.   *Tous Soto & Zapater* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

The plaintiffs in this case allege that they compose the intestate succession of Bienvenido Román, who on September 17, 1928, was a workman employed by the defendant, Luce & Co. *S. en C.*, and stationed at the plantation known as "Hacienda Potala," the property of said defendant, under the immediate direction of the overseer of said plantation, Manuel Arroyo. Among other things, the said deceased had to cut grass, chop it with a motor in order to feed the defendant's cattle, and he also had to run errands for the overseer, having to work every day of the week from seven in the morning until twelve noon and from one until six o'clock in the afternoon; that on September 17, 1928, while said Bienvenido Román, in the discharge of his duties, was travelling in a carriage from the Hacienda Potala to the town of Juana Díaz, the carriage overturned and said Bienvenido Román then and there suffered blows and injuries that caused his instant death; that the defendant was immediately informed of the facts and that from that time the plaintiffs began to make efforts to have said defendant report the case to the Industrial Commission, created by Act No. 85 of 1928 (Session Laws, p. 630), inasmuch as said defendant Luce & Co., *S. en C.*, was then, and has been since said act was enacted,

its own insurer for its workmen, and said Luce & Co., *S. en C.*, on January 3, 1929, definitely denied all responsibility for the accident which resulted in the death of said workman Bienvenido Román; that by reason of such denial the plaintiffs found themselves deprived of the compensation that is due to them and that the Industrial Commission would have been obliged to grant them in accordance with the provisions of Act No. 85 of 1928, inasmuch as they depended for subsistence solely upon the daily wages that said Bienvenido Román earned in his work for the defendant, amounting to seven dollars a week; that said Bienvenido Román was a young man, about 40 years old, sound, healthy, that he worked steadily, and that the plaintiffs were entitled to a compensation of not less than $3,000, of which they have been deprived by the defendant's acts, the latter having failed to compensate the plaintiffs in any way; that because of the defendant's refusal to report the accident and the resulting death of Bienvenido Román to the Industrial Commission, truthfully stating the facts of said accident, the plaintiffs have lacked that which is most indispensable for subsistance, thereby undergoing intense hunger, suffering and privation which resulted in failure of health. The plaintiff estimates this suffering and privation at $5,000.

The defendant demurred to the complaint on the ground that the same did not state facts sufficient to constitute a cause of action. The lower court sustained the demurrer and granted the plaintiffs ten days within which to amend their complaint, if the same could be amended; and on motion of the plaintiffs it rendered judgment dismissing the complaint for failure to state a cause of action. The plaintiffs appealed and claimed that the court had erred in sustaining the demurrer, and that the judgment is contrary to law.

The allegations of the complaint clearly show that the plaintiffs do not seek to obtain compensation on the ground

that the accident which caused the death of its principal Bienvenido Román was due to the negligence of the defendant. It is not alleged in the complaint, directly nor indirectly, that the carriage in which said Bienvenido Román was travelling overturned by reason of any negligent act on the part of the defendant. The plaintiffs base their action on the failure of the defendant to comply with the provisions of section 22 of Act No. 85 of 1928, *supra,* according to which the employer, within five days following the accident, shall file a written report to the Industrial Commission on blanks provided by said commission. The plaintiffs maintain that they were entitled to an award of no less than $3,000 and that they have been deprived of this compensation by the defendant's acts. They also estimate at $5,000 the sufferings and privations to which they have been subjected because of the defendant's refusal to report to the Industrial Commission the accident which caused the death of Bienvenido Román. In their brief the plaintiffs argue that the defendant failed in his duty, and that it is civilly responsible for its negligent, careless, malicious, and obstinate acts. The law in force at the time of the accident which resulted in the death of Bienvenido Román, does not prohibit the employee, or, in case of his death, his heirs from informing the Industrial Commission of the accident when they believe that to do so is proper and opportune. The complaint does not show that the plaintiffs made any effort to do this, from which we conclude that if the defendant did not fulfill its duty, the plaintiffs were also negligent in not taking the initiative in informing the Industrial Commission of the facts. The commission does not need the employers report in order to act once it has acquired knowledge of the facts from any other source. The employer's failure in this duty cannot take from the commission the powers granted to it by law. What the law requires is that the commission be informed of the accident as soon as possible. For this

reason it requires the employer to make his report within five days and the doctor to send in his within forty-eight hours after the accident. The workman's rights or those of his heirs cannot be at the mercy of the employer, and that is what would happen if it were held that the commission cannot act because the employer failed to report. The plaintiffs in this case have not been prevented from asking for compensation nor from reporting the accident to the commission. If the latter has not been informed of said accident until today, the fault lies also with the plaintiffs who have not taken the necessary steps to put the case before said commission. The lower court did not err in holding that the complaint does not state sufficient facts to constitute a cause of action.

The defendant also points out that the action for damages is barred by limitations in accordance with the subdivision of section 1869 of the Civil Code, inasmuch as it is alleged that the accident took place on September 17, 1928, and the complaint was filed on February 10, 1930, after a year had elapsed. That is so, for although the plaintiffs base their action not precisely on the accident itself, but on the defendant's failure to report, the truth is that the cause of action, if it existed, would be barred by prescriptions from that date or even from January 3, 1929, on which date the defendant, as the complaint shows, definitely denied all responsibility for said accident.

The judgment appealed from must be affirmed.